In the Matter of the Judicial Settlement of the Account of Proceedings of CITY BANK FARMERS TRUST COMPANY, Formerly Known as THE FARMERS' LOAN AND TRUST COMPANY, as Substituted Trustee for the Benefit of FRANCESE C. H. LYON and HELEN L. GREELEY under the Last Will and Testament of NELSON I. LYON, Deceased.

HELEN L. GREELEY, Objectant, Appellant; CITY BANK FARMERS TRUST COMPANY, as Substituted Trustee, etc., Respondent.

Second Department, May 21, 1937.

*William J. Kent, Jr.* [*F. Campbell Good* with him on the brief], for the appellant.

*James D. Ouchterloney* [*Earle J. Starkey* with him on the brief], for the respondent.

PER CURIAM. On an accounting by the substituted trustee, one of the beneficiaries of the trust estate sought to surcharge the account with the amount lost through claimed negligence and improvident investment of the trust funds in April, 1930. The matter was heard before a referee, whose report exonerated the trustee. This report was confirmed by the surrogate and a decree entered which, among other things, discharged the trustee from all liability.

On February 25, 1930, the trust company bought a mortgage of $400,000 on antiquated, partly vacant property on Sixth avenue, and apportioned the mortgage amongst trust estates. There is no dispute of the fact that the property was not, at that time, or subsequently, producing rentals sufficient to pay taxes and the

interest on the mortgage. The property had been bought for speculative purposes in view of an expected increase in value that never occurred. This was a purchase-money mortgage, a part of which had been paid when the owner exchanged the property for another parcel. The question of the value of this property in comparison with the amount of the loan barely presented a question of fact. The officers of the trustee who passed this loan were not called as witnesses to justify their acts in respect to making a provident loan and the prudent investment of trust funds.

Three semi-annual payments of interest were made on the mortgage, evidently by the corporate mortgagor, from sources other than income on the property, for it no longer owned it; and then all payments ceased. The trustee foreclosed, took title in the name of a holding corporation on January 10, 1933, and issued debenture bonds and stock of the holding corporation in place of the mortgage. It does not appear in the account that the trustee or the beneficiary has ever received any income from these substituted securities.

Heretofore, it has been held in the Surrogate's Court, New York county, in another proceeding relating to this same trust property, that the investment was improper and improvident and that the trustee was negligent. (*Matter of Saunders*, N. Y. L. J. May 21, 1934, p. 2468.) We have reached the same conclusion on this record for reasons that seem obvious. The duties and responsibilities of a trustee are well defined and understood; and it is unnecessary to repeat them or to engage in further discussion. (See *Matter of Young*, 249 App. Div. 495; *Matter of Flint*, 240 id. 217; affd., 266 N. Y. 607; *Durant* v. *Crowley*, 197 App. Div. 540; affd., 234 N. Y. 581; *Matter of Cady*, 211 App. Div. 373; *King* v. *Talbot*, 40 N. Y. 76.)

This court finds that the mortgaged property was not of the value of the amount of the mortgage plus fifty per cent, but that the value thereof at the time the mortgage was taken did not exceed $500,000; and that the trustee acted negligently and imprudently in making the trust investment.

The decree should be reversed on the law and the facts, and the trustee's account surcharged with the amount of the trust investment, with costs to appellant in this court and in the Surrogate's Court against the trustee personally; and no allowance to the trustee of commissions should be made. The trustee should be allowed the advancements it has made to the beneficiaries in the form of " overdrafts," but without interest. The matter is remitted to the. Surrogate's Court to enter a decree in accordance herewith.

LAZANSKY, P. J., DAVIS, ADEL and CLOSE, JJ., concur; CARSWELL, J., not voting.

Decree of the Surrogate's Court of Kings county reversed on the law and the facts and the trustee's account surcharged with the amount of the trust investment, with costs to appellant in this court and in the Surrogate's Court against the trustee personally, with no allowance of commissions to the trustee, but with an allowance, without interest, for the advancements the trustee has made to the beneficiaries in the form of " overdrafts." The matter is remitted to the Surrogate's Court to enter a decree accordingly.